**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON A MASS-ALVARADO, | No. 13-73600 |
| Petitioner, | Agency No. A200-885-293 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Milton A Mass-Alvarado, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

Mass-Alvarado's opening brief refers to eligibility for asylum, but he does not challenge the BIA's conclusion that his asylum application was untimely, and that he failed to establish changed or extraordinary circumstances to excuse the delay. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Substantial evidence supports the BIA's determination that the 2001 incident did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the BIA's finding that Mass-Alvarado failed to establish it is more likely than not he will be persecuted on account of his political opinion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (fear undermined by continued presence of applicant without further harm); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Mass-Alvarado's withholding of removal claim fails.

Further, substantial evidence supports the BIA's denial of Mass-Alvarado's CAT claim because he failed to establish it is more likely than not he would be

tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013). We reject his contentions that the BIA did not sufficiently consider his CAT claim and did not explain its reasons for denying it. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

In reaching these conclusions, we do not consider the 2013 country conditions referenced in Mass-Alvarado's opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**